UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY MICHAEL MOSS,

        Petitioner,        Case No. 1:08-cv-311

v.        Honorable Richard Alan Enslen

CAROL HOWES,

        Respondent.
_____/

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, I recommend that the petition be dismissed without prejudice for Petitioner's failure to exhaust his available state court remedies.

**Discussion**

I.  Factual allegations

Petitioner presently is incarcerated in the Lakeland Correctional Facility. After a jury trial, Petitioner was convicted in Kent County Circuit Court of first-degree criminal sexual conduct (CSC I) and second-degree criminal sexual conduct (CSC II) on September 14, 2005. The trial court subsequently sentenced Petitioner to concurrent prison terms of seven years and one month to forty years for the CSC I conviction and seven years and one month to fifteen years for the CSC II conviction. The Michigan Court of Appeals denied his delayed application for leave to appeal for lack of merit in the grounds presented on April 26, 2007. The Michigan Supreme Court subsequently denied his application for leave to appeal on October 29, 2007, and denied his motion for reconsideration on February 19, 2008.

Petitioner now raises the following five grounds for habeas corpus relief: (1) ineffective assistance of appellate counsel; (2) the trial court erred and violated Petitioner's right to a fair trial by admitting inadmissible and prejudicial hearsay; (3) prosecutorial misconduct; (4) ineffective assistance of trial counsel; and (5) insufficient evidence. Petitioner raised his first ground for habeas relief only in the Michigan Supreme Court in his motion for reconsideration. However, Petitioner raised his second, third, fourth and fifth grounds for habeas relief in the Michigan appellate courts.

II.  Exhaustion of State Court Remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's

constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971), *cited in Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845.

The district court can and must raise the exhaustion issue *sua sponte*, when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39. Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Petitioner raised his first ground of habeas relief regarding the ineffective assistance of appellate counsel for the first time in the Michigan Supreme Court in a motion for reconsideration. (Br. in Supp. of Pet., 5, docket #2.) Petitioner states that he "did not become aware of th[e] issue until after the Court of Appeals denied leave and his appeal was still pending in the Michigan Supreme Court." *Id.* Therefore, his first ground for habeas relief is unexhausted. Because Petitioner raised his second, third, fourth and fifth grounds for habeas corpus relief in the Michigan Court of Appeals and Michigan Supreme Court, those claims are exhausted.

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner has at least one available procedure by which to raise the issues he has presented in this application. He may file a motion for relief from judgment under MICH. CT. R. 6.500 *et. seq*. Under Michigan

law, one such motion may be filed after August 1, 1995. MICH. CT. R. 6.502(G)(1). Petitioner has not yet filed his one allotted motion. Therefore, the court concludes that he has at least one available state remedy.

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under § 2244(d)(1)(A), the one-year limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Petitioner appealed his conviction to the Michigan Court of Appeals and Michigan Supreme Court. The Michigan Supreme Court denied his application on October 29, 2007, and denied his motion for reconsideration on February 19, 2008. Petitioner apparently has not petitioned for certiorari to the United States Supreme Court, though the ninety-day period in which he may seek review in the United States Supreme Court is counted under § 2244(d)(1)(A). *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period will expire on Monday, May 19, 2008. Accordingly, Petitioner has one year from that date, until May 19, 2009, in which to file his habeas petition.

Because Petitioner appears to have some claims that are exhausted and some that are not, his application ordinarily must be dismissed as a mixed petition. *Rose v. Lundy*, 455 U.S. 509 (1982). In *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002), the Sixth Circuit held that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. The *Palmer* court indicated that thirty days was a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days was a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state court remedies. *Id.; see also Rhines v. Weber*, 125

S. Ct. 1528, 1534-35 (2005) (approving use of stay-and-abeyance procedure, but adding requirements that unexhausted claims not be plainly meritless and that petitioner had good cause for failure to exhaust). The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Because Petitioner has more than sixty days remaining in the limitations period, he is not in danger of running afoul of the statute of limitations so long as he diligently pursues his state court remedies. Therefore, a stay of these proceedings is not warranted. Alternatively, Petitioner may file a new petition at any time before the expiration of the limitations period raising only his exhausted claims.

### **Recommended Disposition**

For the foregoing reasons, I recommend that the habeas corpus petition be dismissed for failure to exhaust state court remedies. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).


Date:  May 21, 2008                                          /s/ Ellen S. Carmody
                                                                            ELLEN S. CARMODY
                                                                            United States Magistrate Judge


### **NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).