UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

ANTHONY MICHAEL MOSS,

        Petitioner,

Case No. 1:08-CV-311

v.

Hon. Richard Alan Enslen

CAROL HOWES,

**ORDER OF DISMISSAL**

        Respondent.
_____/

      This matter is before the Court on Petitioner Anthony Michael Moss' Objection to United States Magistrate Judge Ellen S. Carmody's Report and Recommendation of May 21, 2008, which recommended that this Court summarily dismiss his Petition for Writ of Habeas Corpus without prejudice pursuant to Rule 4 of the Rules Governing § 2254 Cases.[1]  The Court reviews the Objection, the Report and pertinent parts of the record *de novo* in accordance with 28 U.S.C. § 636(b)(1)(C).  The Court reads Petitioner's *pro se* Objection indulgently.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

      Petitioner argues that the Magistrate Judge ignored the Sixth Circuit Court of Appeals' unpublished decision in *Beatty v. Caruso*, 64 Fed. Appx. 945 (6th Cir. 2003).  *Beatty* concluded that even when a petitioner "should have made his request for third appellate counsel to the trial court, pursuant to M.C.R. 7.208(G) . . . the Michigan Court of Appeals also has authority to grant or deny an appellant's request for appointed counsel."  *Id.* at 949.  Thus, petitioners should not be barred from asserting habeas claims based on failure to exhaust state court remedies, *see* 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999), provided the state courts had a full

---

[1] The Court has also considered Petitioner's Addendum to Objection filed on June 18, 2008.

opportunity to resolve the issue. *Beatty*, 64 Fed. Appx. at 949. In the case *sub judice*, Petitioner raises five grounds for habeas relief, all but one of which were presented to both the Michigan Court of Appeals and the Michigan Supreme Court. Petitioner only raised his first claim concerning ineffective assistance of appellate counsel, however, to the Michigan Supreme Court in a reconsideration motion. Accordingly, Petitioner's reliance on *Beatty* is misplaced (as is his reliance on numerous other cases) and this claim remains unexhausted because the Michigan Court of Appeals did not have a full opportunity to resolve this issue. *See Duncan v. Henry*, 513 U.S. 364, 365–66 (1995) (holding that to fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system); *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993).

As an alternative to adopting the Report, which recommended not staying the habeas petition, Petitioner requests a stay while he files a Michigan Court Rule 6.500 motion. As noted in the Report, however, district courts ordinary should not stay proceedings on exhausted claims. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). Because Petitioner has well over 60 days remaining in his limitation period, a stay is not warranted. *Id.*; *see also Rhines v. Weber*, 544 U.S. 269, 277–78 (2005). Alternatively, as noted in the Report, Petitioner has the option of filing a new habeas petition at any time before the expiration of the limitation period, raising only his exhausted claims.

Pursuant to 28 U.S.C. § 2253, the Court must also assess whether to grant the issuance of a certificate of appealability to Petitioner. *See Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002) (holding that § 2253 analysis may be done at the time the claim for relief is determined). Under the statute and the United States Supreme Court's determinations in *Slack v. McDaniel,* 529

U.S. 473, 483–84 (2000), and *Barefoot v. Estelle,* 463 U.S. 880, 893 & n.4 (1983), a certificate shall issue if the resolution of the petition is debatable among reasonable jurists or adequate to deserve encouragement for some other reason. Furthermore, the analysis of the sufficiency of the claims must be individually directed to the substance of the constitutional claims asserted. *Murphy v. Ohio*, 263 F.3d 466, 466–67 (6th Cir. 2001); *Porterfield v. Bell*, 258 F.3d 484, 486 (6th Cir. 2001). Upon review, the Court finds that reasonable jurists would not find Petitioner's positions debatable with respect to the substantive grounds for denying relief as to the claims asserted. Accordingly, a certificate of appealability will be denied.

**THEREFORE, IT IS HEREBY ORDERED** that Petitioner Anthony Michael Moss' Objection to the Report and Recommendation (Dkt. No. 9) is **DENIED**, the Report and Recommendation (Dkt. No. 6) is **ADOPTED**, the Petition for Writ of Habeas Corpus (Dkt. No. 1) is **DENIED** and **DISMISSED WITHOUT PREJUDICE**, and a certificate of appealability is **DENIED** as to all grounds asserted.

DATED in Kalamazoo, MI:
June 26, 2008

 /s/ Richard Alan Enslen
RICHARD ALAN ENSLEN
SENIOR UNITED STATES DISTRICT JUDGE